IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| POINTCLEAR SOLUTIONS, INC., | ) | CASE NO. 18-83286-CRJ11 |
| EIN: XX-XXX1564 | ) | CHAPTER 11 |
| | ) | |
| Debtor. | ) | |

## MOTION FOR AUTHORIZATION TO USE CASH COLLATERAL

COMES NOW PointClear Solutions, Inc., as debtor-in-possession in the above-styled Chapter 11 case ("Debtor"), and requests this Court for authorization to use cash collateral. In support of this Motion, Debtor states as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this Chapter 11 case under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue is proper in this district under 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief this Motion seeks are Bankruptcy Code §§ 105(a), 363(b), and 507(a)(4) and (5) and Bankruptcy Rules 6003 and 6004.

### BACKGROUND

3. PointClear Solutions, Inc., is an Alabama corporation with its principal place of business at 908 Merchants Walk, Huntsville, Alabama, 35801.

4. Debtor is engaged in the business of software consulting and development.

5. On November 2, 2018 (the "Petition Date"), Debtor filed a voluntary petition in this Court under Chapter 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code"). A Trustee has not been appointed and Debtor continues to operate its business as a debtor-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

1

6. No official committees have been appointed in this case. No party has requested the appointment of a trustee or an examiner.

7. Debtor plans to continue to operate its business and manage its business as a debtor in possession under §§ 1107(a) and 1108 of the Bankruptcy Code. Through the filing of this Chapter 11 petition, Debtor seeks to accomplish a successful reorganization of its business, which will allow Debtor post-confirmation to continue to operate its business.

## RELIEF REQUESTED

8. The accounts receivable which are subject to the existing security agreement constitute "cash collateral" within the meaning of § 363(a) of the Bankruptcy Code. Section 363(c)(2) prohibits a debtor from utilizing cash collateral with the consent of such party or absent Court approval.

9. Pursuant to § 363(c)(2)(B), Debtor seeks authorization from this Court, after notice and hearing, to use the cash collateral of Progress Bank pursuant to the terms and conditions encompassed within this Court's Order Granting Adequate Protection and Permitting Use of Cash Collateral (the "Cash Collateral Agreement").

10. Debtor's only source of cash for the continued operation of its business is operating revenue, which is cash collateral. Debtor has an immediate need for authority to continue to use the cash collateral in its ongoing business operations. If Debtor is not permitted to use the cash collateral, it will have to shut down its business, thus hindering any prospects of future reorganization.

11. The value securing the Progress Bank loan is valued at $450,655.00.

12. A three (3) month rolling budget, which is attached as Exhibit A, indicates that the Debtor anticipates being profitable and protecting the cash collateral position of the Bank.

13. WHEREFORE, the Debtor respectively requests this Court to enter an Order permitting use of cash collateral upon the terms and conditions stated herein and to grant such other and further relief as this Court deems just and proper.

Respectfully submitted November 2, 2018.

/s/ Stuart M. Maples
STUART M. MAPLES

MAPLES LAW FIRM, PC
200 Clinton Avenue West, Suite 1000
Huntsville, Alabama 35801
(256) 489-9779 – Telephone
(256) 489-9720 – Facsimile
smaples@mapleslawfirmpc.com

## CERTIFICATE OF SERVICE

I do hereby certify that on November 2, 2018, a copy of the foregoing document was served on the following by Electronic Case Filing a copy of the same.

Richard Blythe
Bankruptcy Administrator
P. O. Box 3045
Decatur, AL 35602

20 Largest Unsecured Creditors

I do hereby certify that on November 2, 2018, a copy of the foregoing document was served on the following by regular US Mail.

Progress Bank
201 Williams Avenue
Huntsville, AL 35801

/s/ Stuart M. Maples
STUART M. MAPLES

3

Case 18-83286-CRJ11    Doc 6    Filed 11/02/18    Entered 11/02/18 13:44:25    Desc Main
Document      Page 3 of 4

# EXHIBIT A

**PointClear Solutions, Inc.**
**Rolling 3 Month Budget**
**10/31/18**

| | | Nov '18 | Dec '18 | Jan '19 |
|---|---|---:|---:|---:|
| **REVENUE** | | | | |
| | CS AR/Deposits Received | $ 277,499 | $ 294,129 | $ 338,248 |
| | Subscription AR Received | $ 68,152 | $ 68,152 | $ 10,440 |
| | **TOTAL REVENUE** | **$ 345,651** | **$ 362,281** | **$ 348,688** |
| | | | | |
| **EXPENSES** | | | | |
| | COGS Subcontractors | $ 43,800 | $ 78,496 | $ 89,079 |
| | COGS Employee Net Payroll | $ 71,500 | $ 71,500 | $ 71,500 |
| | SGA Employee Mgt/Sales Payroll | $ 38,500 | $ 38,500 | $ 38,500 |
| | Federal Payroll Taxes | $ 43,000 | $ 43,000 | $ 43,000 |
| | State Witholding Taxes | $ 4,000 | $ 4,000 | $ 4,000 |
| | 401k Deposits | $ 3,250 | $ 3,250 | $ 3,250 |
| | Child Support | $ 1,566 | $ 1,566 | $ 1,566 |
| | Health Insurance | $ 14,500 | $ 14,500 | $ 14,500 |
| | Other Insurance | $ 1,763 | $ 1,763 | $ 1,763 |
| | IT Expenses | $ 7,780 | $ 12,780 | $ 7,780 |
| | Accounting | $ 4,850 | $ 4,850 | $ 4,850 |
| | Marketing - External | $ 1,000 | $ 1,000 | $ 1,000 |
| | HR | $ 500 | $ 500 | $ 500 |
| | Office Expenses | $ 1,500 | $ 1,500 | $ 1,500 |
| | Rent | $ 7,500 | $ 17,500 | $ 17,500 |
| | **TOTAL EXPENSES+BANK PMTS** | **$ 245,009** | **$ 294,705** | **$ 300,288** |
| | | | | |
| **NET PROFIT** | | **$ 100,642** | **$ 67,576** | **$ 48,400** |
| | | 29.1% | 18.7% | 13.9% |