IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) |
| POINTCLEAR SOLUTIONS, INC., | ) CASE NO. 18-83286-CRJ11 |
| EIN: XX-XXX1564 | ) CHAPTER 11 |
| | ) |
| Debtor. | ) |

**DEBTOR'S EMERGENCY MOTION FOR AUTHORITY TO PAY PRE-PETITION TAXES PURSUANT TO 11 U.S.C. §§ 105(A) AND 507(A)(8) AND TO HONOR CHECKS FOR PAYMENT OF TAXES**

COMES NOW PointClear Solutions, Inc., as debtor and debtor-in-possession in the above-styled Chapter 11 case ("Debtor"), and hereby makes this motion for the Court to grant Debtor the authority to pay pre-petition taxes pursuant to 11 U.S.C. §§ 105(a) and 507(a)(8); to direct all banks and financial institutions to receive, process, honor, and pay all checks presented for payment; and, further, to honor all funds and transfer requests made by the Debtor related to the Tax Obligations. In support of this Motion, Debtor respectfully represents as follows:

1. On November 2, 2018 (the "Petition Date"), Debtor filed a voluntary petition in this Court under Chapter 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code"). A Trustee has not been appointed and Debtor continues to operate its business as a debtor-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

2. The Court has jurisdiction over this Chapter 11 case under 28 U.S.C. § 1334(b). The Motion is a core proceeding under 28 U.S.C. § 157(b)(2). Venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409.

3. Debtor is engaged in the business of software consulting and development. Debtor has fourteen (14) fulltime employees as of the Petition Date.

-1-

4. In the normal operation of its business, Debtor owes amounts for withheld employment taxes (the "Tax Obligations"). The Tax Obligations are payable to various federal, state, and local taxing authorities and other government agencies (the "Tax Authorities"). All such taxes have been collected and are held in trust for the various taxing authorities in the checking account of the Debtor.

5. The Petition Date occurred during the course of several periods for the Tax Obligations. As of the Petition Date, the Debtor's Tax Obligations did not exceed approximately $193,182.82.

6. Debtor requests an order authorizing, but not directing it, to pay the Tax Obligations. Debtor further requests related relief, including, without limitation, an order authorizing and directing all banks and financial institutions to receive, process, honor, and pay all checks presented for payment and, further, to honor all funds and transfer requests made by the Debtor related to the Tax Obligations. As set forth below, remaining current on the payment of taxes is in the best interest of the Debtor, Debtor's estate, creditors, equity security holders, and other parties in interest. Most of the Tax Obligations at issue are entitled to priority status under 11 U.S.C. § 507(a)(8).

7. Section 105(a) of the Bankruptcy Code provides that the Court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of the Bankruptcy Code. The purpose of §105(a) is to assure the bankruptcy court's power to take whatever action is deemed appropriate or necessary in aid of the exercise of its jurisdiction. 2 *Collier on Bankruptcy* § 105.001[1], at 105-5 to 105-6 (15th ed. rev. 2000).

8. Courts often permit the payment of pre-petition claims that are relatively small and would ultimately qualify as priority claims such as most of the Tax Obligations at issue in the case

at bar. *See, e.g. In re Quality Interiors, Inc.*, 127 B.R. 391, 396-97 (Bankr. N.D. Ohio 1991). In the case at bar, most of the Tax Obligations qualify as priority claims, and the total amount at issue is very small. Further, it is imperative that the Debtor remain current on all of its Tax Obligations for a number of reasons, as stated herein.

9. First, the Debtor's estate has no interest in taxes collected and held in trust. The filing of the Debtor's bankruptcy case does not affect the Debtor's obligation to pay trust fund taxes to the Taxing Authorities. *See In re Al Copeland Enterprises, Inc.*, 133 B.R. 837 (Bankr. W.D. Tex. 1991), *aff'd* 991 F.2d 233 (5th Cir. 1993) (debtor obligated to pay sales taxes plus interest). Accordingly, paying trust fund taxes to the Tax Authorities will not prejudice the interest of the Debtor's estate or any party in interest.

10. Second, payment of the Tax Obligations will not prejudice the rights of any creditor or party in interest. As set forth above, the estate has no interest in trust fund taxes. Moreover, the Debtor reserves all rights with regard to the liability for the Tax Obligations.

11. Finally, payment of the Tax Obligations will significantly aid in the efficient administration of the estate. Without limitation, though Debtor reserves all rights, the Tax Authorities' powers to audit, make assessments, and demand tax returns are not subject to the automatic stay under § 362(b)(9) of the Bankruptcy Code. Other actions and proceedings also may not be subject to the automatic stay to the extent they constitute enforcement of police or regulatory powers under § 362(b)(4) of the Bankruptcy Code. Payment of the Tax Obligations will eliminate Debtor's burden of responding to motions for relief from the automatic stay by the Tax Authorities and responding to audits or other procedures not subject to the automatic stay.

12. For the foregoing reasons, approval of the Motion is in the best interest of the estate, and the relief requested is proper under §§ 105(a), 363(a), and 507(a)(8) of the Bankruptcy Code.

WHEREFORE, Debtor respectfully requests entry of an order granting authority to pay pre-petition Tax Obligations pursuant to 11 U.S.C. §§ 105(a) and 507(a)(8); directing all banks and financial institutions to receive, process, honor, and pay all checks presented for payment and, further, to honor all funds and transfer requests made by the Debtor related to the Tax Obligations; and granting such other and further relief as this Court may deem just and proper.

Respectfully submitted on November 2, 2018.

*/s/ Stuart M. Maples*
STUART M. MAPLES
(ABS-1974-S69S)

MAPLES LAW FIRM, PC
200 Clinton Avenue West, Suite 1000
Huntsville, Alabama 35801
Tel: (256) 489-9779
Fax: (256) 489-9720
smaples@mapleslawfirmpc.com

## CERTIFICATE OF SERVICE

I do hereby certify that on November 2, 2018, a copy of the foregoing document was served on the following by Electronic Case Filing a copy of the same.

Richard Blythe
Bankruptcy Administrator
P. O. Box 3045
Decatur, AL 35602

20 Largest Unsecured Creditors

*/s/ Stuart M. Maples*
STUART M. MAPLES