IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| POINTCLEAR SOLUTIONS, INC., ) | CASE NO. 18-83286-CRJ11 |
| EIN: XX-XXX1564 ) | CHAPTER 11 |
| ) | |
| Debtor. ) | |

**DEBTOR'S MOTION FOR ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 365(a) AND FED. R. BANKR. P 6006 AUTHORIZING REJECTION OF CERTAIN EXECUTORY CONTRACTS EFFECTIVE AS OF THE PETITION DATE**

COMES NOW PointClear Solutions, Inc., debtor and debtor-in-possession ("Debtor"), by and through its undersigned counsel, and hereby move (the "Motion") this Court for entry of an order, under sections 105(a) and 365(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing the Debtor to reject certain executory contracts set forth on Exhibit A attached hereto, including any amendments, modifications, guaranties, or other agreements related hereto (the "Executory Contract"), effective as of the Petition Date (as defined below). In support of the Motion, Debtor states as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of this case and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

**BACKGROUND**

2. On November 2, 2018 (the "Petition Date"), Debtor filed a voluntary petition in this Court for relief under chapter 11 of the Bankruptcy Code.

3. Since the Petition Date, Debtor continues to manage and operate its business as a debtor in possession pursuant to sections 1107 and 1108.

**RELIEF REQUESTED**

4. By this Motion, Debtor requests entry of an order under Bankruptcy Code sections 105(a) and 365(a) authorizing Debtor to reject the Executory Contract effective as of the Petition Date.

**BASIS FOR RELIEF**

5. Debtor ceased its operations in the state of Georgia when Debtor's lease agreement for its Atlanta office location terminated on October 31, 2018. As part of Debtor's efforts to maximize value for its estate, creditors and other stakeholders, Debtor is working to eliminate unnecessary administrative burdens on the estate. Debtor has determined that Debtor's estate would be better served by avoiding the burdens associated with Debtor's continued performance under the Executory Contract. Therefore, Debtor has decided, in the exercise of its business judgment, that it is in the best interests of the estate, creditors and stakeholders to reject the Executory Contract.

6. By rejecting the Executory Contract as of the Petition Date, Debtor will avoid incurring unnecessary administrative charges that will provide no tangible benefit to the Debtor's estate. As stated above, Debtor does not believe that the Executory Contract provides any benefit to Debtor or the estate. Nor does Debtor believe that such value could be obtained through the assumption and assignment of the Executory Contract to third parties.

7. For these reasons, Debtor has determined that rejection of the Executory Contract is in the best interests of the Debtor and other parties in interest.

# APPLICABLE AUTHORITY

**A.    Rejection of the Executory Contract is a Sound Exercise of Debtor's Business Judgment**

8.     Bankruptcy Code section 365(a) provides that a debtor may, "assume or reject any executory contract or unexpired lease of the debtor, subject to bankruptcy court's approval." *Cameron v. Pfaff Plumbing & Heating, Inc.*, 966 F.2d 414, 415 (8th Cir. 1992) (quoting 11 U.S.C. § 365(a)).

9.     A debtor's determination to reject an executory contract is governed by the "business judgment standard. *In re HQ Global Holdings, Inc.,* 290 B.R. 507, 511 (Bankr. D. Del. 2003) (stating that a debtor's decision to reject an executory contract is governed by the business judgment standard and can only be overturned if the decision was the product of bad faith, whim, or caprice).

10.    Once the debtor articulates a valid business justification, the court, "should not interfere 'except upon a finding of bad faith or gross abuse of [the Debtor's] business discretion.'" *In re Crystalin, L.L.C.,* 293 B.R. at 465 (citing *Lubrizol Enters., Inc. v. Richmond Metal Finishers, Inc.,* 756 F.2d 1043, 1047 (4th Cir. 1985)).

11.    If the debtor's business judgment has been reasonably exercised, a court should approve the assumption or rejection of an unexpired lease. *See e.g., NLRB v. Bildisco and Bildisco,* 465 U.S. 513, 523 (1984); *Group of Institutional Investors v. Chicago, Milwaukee, St. Paul & Pacific R.R. Co.,* 318 U.S. 523, 550 (1943) (applying business judgment rule in context of assumption of a prepetition agreement); *In re Farmland Indus., Inc.,* 294 B.R. 903, 913 (Bankr. W.D. Mo. 2003) (finding that a debtor must merely show that "the action taken will benefit the estate") *Cleveland Hotel Protective Committee v. Nat'l City Bank of Cleveland (In re Van*

3

*Sweringen Corp.*), 155 F.2d 1009, 1013 (6th Cir. 1945), *cert. denied* 329 U.S. 766 (1946); *In re Cutters, Inc.,* 104 B.R. 886, 889 (M.D. Tenn. 1989).

12. The business judgment rule has vitality in chapter 11 cases and shields a debtor's management from judicial second-guessing. *See Comm. Of Asbestos-Related Litigants and/or Creditors v. Johns -Manville Corp.* (In re Johns-Manville Corp.), 60 B.R. 612, 615-16 (Bankr. S.D.N.Y. 1986) ("[T]he Code favors the continued operation of a business by a debtor and a presumption of reasonableness attached to a debtor's management decisions.").

13. As set forth above, Debtor has satisfied the "business judgment" standard for rejecting the Executory Contract. The Executory Contract is financially burdensome and unnecessary to Debtor's business. Accordingly, Debtor has determined that the Executory Contract constitutes an unnecessary drain on Debtor's cash flows and, therefore, rejection of the Executory Contract reflects Debtor's exercise of sound business judgment.

14. In summary, Debtor believes that the proposed rejection of the Executory Contract is tailored to minimize administrative expenses and maximize distributions to creditors. In the exercise of its sound business judgment, Debtor thus seeks authority to reject the Executory Contract effective as of the Petition Date.

## **NOTICE**

15. Notice of this Motion will be given to: (i) the United States Trustee for the Northern District of Alabama, Northern Division; (ii) the parties included on the Debtor's lists of twenty (20) largest unsecured creditors; (iii) all parties requesting notice; and (v) the counterparties listed on Exhibit A hereto.

4

WHEREFORE, premises considered, Debtor respectfully requests that the Court enter an Order granting the relief requested in the Motion and such other and further relief as may be just and proper.

Respectfully submitted on November 15, 2018.

                                                        */s/ Stuart M. Maples*
                                                        STUART M. MAPLES
                                                        (ABS-1974-S69S)

MAPLES LAW FIRM, PC
200 Clinton Avenue West, Suite 1000
Huntsville, Alabama 35801
Tel: (256) 489-9779
Fax: (256) 489-9720
smaples@mapleslawfirmpc.com

## **CERTIFICATE OF SERVICE**

I do hereby certify that on November 15, 2018, a copy of the foregoing document was served on the following by Electronic Case Filing a copy of the same.

Richard Blythe
*Bankruptcy Administrator*
P. O. Box 3045
Decatur, AL 35602

Atlanta Office Technologies
TIAA Commerical Finance, Inc.
PO Box 911608
Denver, CO  80291

20 Largest Unsecured Creditors

All parties requesting notice

                                                        */s/ Stuart M. Maples*
                                                        OF COUNSEL