IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) |
| POINTCLEAR SOLUTIONS, INC., | ) CASE NO. 18-83286-CRJ-11 |
| EIN: XX-XXX1564 | ) CHAPTER 11 |
| | ) |
| Debtor. | ) |

**AGREED THIRD INTERIM ORDER AUTHORIZING DEBTOR TO USE CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION**

This matter came before the Court on Wednesday, December 19, 2018, for hearing on the Motion by PointClear Solutions, Inc., for Authorization to Use Cash Collateral [Doc 6] (the "Motion") (the "Debtor"), pursuant to 11 U.S.C. § 363 of the Bankruptcy Code and Rule 4001(d) of the Federal Rules of Bankruptcy Procedure, to use cash collateral which is subject to the interests of Progress Bank and Trust ("Progress Bank"), and Progress Bank's Response to the Motion [Doc 10]; and the Court having determined that the relief sought in the Motion is necessary to avoid immediate and irreparable harm to the estate and is in the best interest of Debtor's estate; and the Court having determined that the legal and factual bases set forth in the Motion and at any hearing establish just cause for the relief granted herein;

**IT IS HEREBY FOUND AND DETERMINED THAT**:

A. **Notice and Hearing.** Notice of the Motion and hearing on Debtor's use of cash collateral has been served in accordance with § 102(1) of the Bankruptcy Code and Bankruptcy Rule 4001(b), which notice is appropriate in the particular circumstances and is sufficient for all purposes under the Bankruptcy Code and the applicable Rules in respect of the relief requested.

B. **Cash Collateral.** As used herein, "cash collateral" means cash collateral as

described and defined in § 363(a) of the Bankruptcy Code, which includes all proceeds, products, offspring, rents, or profits generated from Progress Bank's pre-petition collateral ("<u>Cash Collateral</u>"). Progress Bank alleges that it maintains a first priority perfected security interest in the Cash Collateral under § 362(a) and (c)(2) of the Bankruptcy Code that is properly perfected under § 546 of the Bankruptcy Code and other applicable law.

C. **<u>Necessity and Best Interest.</u>** Debtor does not have sufficient unencumbered cash or other assets with which to continue to operate its business in Chapter 11. Debtor requires immediate authority to use Cash Collateral to continue its business without interruption toward the objective of a refinance of the Notes. Debtor's use of Cash Collateral to the extent and on the terms and conditions set forth herein is necessary to avoid immediate and irreparable harm to the estate. Progress Bank is willing to consent to the use of the Cash Collateral but only upon the entry of an agreed cash collateral order containing certain terms and conditions approved by the Bankruptcy Court.

D. **<u>Budget.</u>** Good cause has been shown for the entry of this Order and authorization for Debtor to use the Cash Collateral in accordance with the budget attached hereto as Exhibit A (the "<u>Budget</u>"). The financial forecast included in the Budget complies with the terms and conditions of this Order and has been approved by Progress Bank. Debtor's need for use of Cash Collateral afforded herein is immediate and critical.

**IT IS HEREBY ORDERED AS FOLLOWS**:

1. The Motion is **GRANTED** on an interim basis (pending final hearing on the terms of this Order). Any objections filed, to the extent not resolved, are hereby **OVERRULED**.

2. Progress Bank is granted an interim post-petition lien on accounts receivable, inventory, and bank deposits, to the extent of the use of cash collateral by the Debtor during the interim period.

3. **Use of Cash Collateral.** Debtor is authorized to use Cash Collateral in accordance with the Budget until the conclusion of the Final Hearing set below.

4. **Additional Collateral.** For the purposes of and limited to this Interim Order only, one of the Guarantors on the loan of Progress Bank, the Karabinos Living Trust ("Guarantor Trust"), has pledged Four Hundred Fifty Thousand and No/100 Dollars ($450,000.00) in marketable securities as additional collateral for Progress Bank. The Guarantor Trust by agreement of record in open court shall not dissipate or distribute trust corpus to its beneficiaries, other than funding reasonable contributions of capital (by loan) to the Debtor. The Debtor by its consent and agreement shall, pending the final hearing, timely provide to Progress Bank requested financial documents and information relative to Debtor's need for use of cash collateral and/or the adequate protection of Progress Bank's collateral.

5. **Grant of Liens.** The Debtor's rights and obligations and Progress Bank's rights and claims, security interests, liens and priorities in connection with this Order are in addition to and not in lieu or substitution of the rights, obligations, claims, security interests, liens and priorities granted under the Loan Documents.

6. **Adequate Protection.** Debtor shall provide adequate assurance to Progress Bank as follows: (1) Debtor agrees to make monthly interest only payments on the Progress Bank Line of Credit ("LOC") and Term Loans each month. The November payment has been paid in December; December's payment will be paid on or before January 20, 2019. The January payment

shall be made by February 20, 2019. The February payment shall be made by March 20, 2019. Each monthly payment thereafter shall be paid on or before the 20th of the month until the Debtor's plan of reorganization is confirmed. (2) Debtor agrees to make interest only payments on the third Progress Bank loan in the amount of $15,370.40, which is secured by the Georgia Tax refund. Debtor will immediately pay the $2,082.92 interest due and will continue thereafter to pay interest only payments on the contract date in the amount of $85.25 pending Debtor's receipt of the Georgia Tax refund which is collateralized to Progress Bank. (3) Debtor agrees to abide by its Budget. (4) Debtor agrees to submit to this Court a proposed chapter 11 plan of reorganization on or before March 29, 2019. (5) Debtor agrees to provide without formal discovery, its financials, contracts, proposals, and its valuations or handicapping of the latter.

7. **Final Hearing.** The Final Hearing on the Motion is scheduled for **April 1, 2019** at **2:30 p.m.** before the Honorable Clifton R. Jessup, Jr. at the United States Bankruptcy Court, Northern District of Alabama, Northern Division, Decatur, AL 35601. If the Plan proposed by the Debtor is acceptable to Progress Bank, this Order may become final without further hearing if the parties stipulate and an Order is entered.

Dated this the 15th day of January, 2019.

/s/ Clifton R. Jessup, Jr.
Clifton R. Jessup, Jr.
United States Bankruptcy Judge

Order Prepared By:
Stuart M. Maples
MAPLES LAW FIRM, P.C.

Consented to by :
S. Dagnal Rowe
WILMER & LEE, P.A.

Lee R. Benton
BENTON & CENTENO, LLP

# Exhibit A
# Budget